## Trexler et al. v. Catherman

*Miller A. Johnson*, for plaintiffs.

*James F. McClure* and *John E. Cupp*, for defendant.

GILBERT, P. J., April 23, 1942.—In paragraph 9 of defendant's petition to sever the action of the two plaintiffs, defendant requests severance so that, after severance, one of the present plaintiffs, Trexler, can be made an additional defendant.

In Freeman et ux. v. MacDonald et ux., 42 D. & C. 158, it was held that the court of common pleas has no authority to authorize the severance of the actions in order to bring in one of the plaintiffs as an additional defendant. Therefore, defendant asks for this severance first.

In Karcher et ux. v. Downes, 31 D. & C. 386, 389, Rosen, J., held:

"The purposes of the act here in question are, as far as they concern actions for negligence, to avoid a multiplicity of suits for the same wrongful act; to prevent

apparently inconsistent verdicts upon the same issue; to save the unnecessary expenditure of the public moneys for repeated trials of the same question, and to protect defendants from a multiplication of costs in repeated defenses of the same issue. Acts of this character should, therefore, be construed liberally to effectuate their plain beneficent purposes."

In Society of European Stage Authors and Composers, Inc., et al. v. WCAU Broadcasting Co., 35 Fed. Supp. 460, it was held that severance should be granted only where the claims to be tried are *unrelated* and *different proof* is to be presented as to each.

In Polito v. Molasky, 123 F. (2d) 258, the court held that the tendency of the courts is to consolidate, rather than to sever, actions, especially in actions of tort, where the claims arise out of a common accident.

Defendant avers in his petition for severance that, if it is refused, defendant could not bring the driver, Trexler, in as an additional defendant, and thus defendant will be deprived of the right to show that Trexler alone was responsible for the accident and for Cleaver's injuries.

We cannot agree with this reasoning.

Defendant has filed a counterclaim alleging that this accident was caused solely by Trexler's negligence— defendant has the right to prove this allegation in court —and, if he can convince the jury that this automobile collision was caused solely by Trexler's negligence, he will be absolved from payment of the alleged damages claimed by each of the two plaintiffs. Again, if defendant proves the damages he claims to the satisfaction of the jury, that jury, after fixing negligence as aforesaid, should and would award defendant compensation for his automobile injuries.

The counterclaim puts all relevant questions in this case at issue—the rights of all parties are clearly defined and protected, and a refusal to sever deprives defendant of no legal rights known to the court.

For the reasons stated above, the petition is refused.